[Cite as *State v. Layson*, 2020-Ohio-4336.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-19-1204

      Appellee                                     Trial Court No. CR0201801738

v.

 Artis Layson                                        **DECISION AND JUDGMENT**

      Appellant                                    Decided:  September 4, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Artis Layson, appeals the judgment of the Lucas County Court of Common Pleas, finding that he committed a community control violation, and sentencing him to continue serving community control with added conditions.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On June 5, 2018, appellant pleaded guilty to one count of insurance fraud in violation of R.C. 2913.47(B)(2) and (C), a felony of the third degree, and one count of failure to comply in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree. The trial court sentenced appellant to three years of community control.

{¶ 3} On August 27, 2019, appellant appeared before the trial court for a hearing on a community control violation. Appellant indicated that he was unable to retain counsel, so a public defender was appointed to represent him. The trial court then afforded counsel an opportunity to speak with appellant, and recalled the case later during the morning docket.

{¶ 4} When the case was recalled, counsel stated that appellant was going to admit to the community control violations and waive his right to a hearing. Counsel then spoke in mitigation, explaining to the court that appellant understands that he must comply with the terms of his probation. However, appellant has had some difficulty complying because he was not able to get a pass from the work release program to attend some assessments. In addition, once he was off work release, appellant began working 50 hours per week at Thyssenkrupp, which has made it difficult for appellant to attend meetings. Counsel stated that appellant has six children and is trying to get custody of his son, and that is why he is working so hard. Counsel requested that the court extend his probation so that he could continue making efforts towards completing the requirements of community control.

2.

{¶ 5} Appellant then spoke on his own behalf. Appellant apologized for not complying with the terms of his probation, and requested a second chance to demonstrate that he can be successful.

{¶ 6} The state did not speak in the matter.

{¶ 7} Following the statements by counsel and appellant, the trial court commented that it was hesitant to place appellant on community control initially because of appellant's lengthy criminal history. The court then observed that appellant's priorities were out of place, and that appellant has not prioritized his supervision by the court, his mental health, or his substance abuse issues. The court recognized that appellant has rarely provided drug screens when he was ordered to, and when he has, they have come back positive for drugs.

{¶ 8} Thereafter, the trial court ordered that appellant would remain on community control, but that he would be committed to the Correction Center of Northwest Ohio for 180 days where he would be ordered to complete substance abuse treatment and the Changing Offender Behavior program.

## II. Assignment of Error

{¶ 9} Appellant has timely appealed the trial court's August 27, 2019 judgment entry, and now asserts one assignment of error for our review:

1. Mr. Layson was denied his right to effective assistance of counsel when counsel failed to investigate the full scope of the community control

3.

violations against Mr. Layson, advised him to waive a formal hearing and admit to the violations, and failed to address the most serious violations in mitigation.

### III. Analysis

{¶ 10} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. In undertaking our review, we note that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

{¶ 11} In support of his assignment of error, appellant argues that counsel had insufficient time to investigate the nature of the case. Further, appellant argues that counsel should have addressed appellant's addiction issues, and suggested alternatives to the court that were less restrictive than confinement in the Corrections Center of Northwest Ohio. Appellant proposes that counsel's limited engagement with appellant rendered counsel little more than "a person who happens to be a lawyer * * * present at trial alongside the accused." *Id.* at 685. We disagree.

4.

{¶ 12} Here, counsel's decision of which arguments to emphasize in mitigation falls squarely within the wide latitude given to attorneys to determine the appropriate trial tactics. "[D]ebatable trial tactics do not establish ineffective assistance of counsel." *State v. Hoffner*, 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45. Furthermore, we find that the record does not demonstrate any deficient performance. Counsel met with appellant and learned the reasons why appellant did not comply with his community control requirements. Notably, there is nothing in the record to suggest that the allegations of community control violations were unfounded, and indeed, what little is in the record demonstrates that the violations were clear based on appellant's failure to provide clean drug tests. Rather than contesting the violations, counsel chose to provide reasons for appellant's non-compliance that attempted to put appellant in the best light possible, in that counsel argued that appellant was working hard to support his family and get custody of his son, and his long work hours made it difficult to comply with his drug tests and assessments. In doing so, counsel was more than just a person who happens to be a lawyer standing alongside the accused. Therefore, we hold that appellant has not demonstrated that counsel's performance fell below an objective standard of reasonableness, and thus his claim for ineffective assistance of counsel must fail.

{¶ 13} Accordingly, appellant's assignment of error is not well-taken.

5.

## IV. Conclusion

**{¶ 14}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.